# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------------------------------X

WILLIAM COLOMBO,

                             *Plaintiff*,

          -against-

THE VILLAGE OF PELHAM MANOR, THE PELHAM
MANOR POLICE DEPARTMENT, POLICE OFFICER
BRANDON LUSTIG, POLICE OFFICER JESUS
OCEGUERA, POLICE OFFICER SHECOVE SPEID,
and JOHN DOES AND JANE DOES, said names being
fictitious and intended to represent individual officers of
the Defendants' Police Departments,

                        *Defendants*.
--------------------------------------------------------------X

**SUMMONS**

**INDEX NO.:**

The basis of venue is:
Place of Occurrence

514 Esplanade
Pelham Manor NY 10803

**TO THE ABOVE NAMED DEFENDANTS:**

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty (20) days after the service of this summons exclusive of the day of service where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: September 29, 2025
      New York, New York

                            Submitted By:

                            **WILLIAM J. MANIATIS, LLC**

                            BY: _____
                                **WILLIAM MANIATIS**
                              Attorneys for Plaintiffs
                              111 Broadway, Suite 701
                              New York, New York 10006
                              (212) 248-5060

RECEIVED
VILLAGE OF PELHAM MANOR
2025 NOV 14 PM 01 41

**To:**   **THE VILLAGE OF PELHAM MANOR**
Clerk's Office
4 Penfield Pl.
Pelham Manor, New York 10803

**THE PELHAM MANOR POLICE DEPARTMENT**
Clerk's Office
4 Penfield Pl.
Pelham Manor, New York 10803

**POLICE OFFICER BRANDON LUSTIG (Shield 108)**
Clerk's Office
4 Penfield Pl.
Pelham Manor, New York 10803

**POLICE OFFICER JESUS OCEGUERA (Shield 119)**
Clerk's Office
4 Penfield Pl.
Pelham Manor, New York 10803

**POLICE OFFICER SHECOVE SPEID (Shield #116)**
Clerk's Office
4 Penfield Pl.
Pelham Manor, New York 10803

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
————————————————————————X

WILLIAM COLOMBO,

                                    Plaintiff,                    **VERIFIED COMPLAINT**

        -against-

THE VILLAGE OF PELHAM MANOR, THE PELHAM          **INDEX NO.:**
MANOR POLICE DEPARTMENT, POLICE OFFICER
BRANDON LUSTIG, POLICE OFFICER JESUS
OCEGUERA, POLICE OFFICER SHECOVE SPEID,
and JOHN AND JANE DOE 1-10, said names being
fictitious and intended to represent individual officers of
the Defendants' Police Departments,

                                    *Defendants.*
————————————————————————X

**TO THE ABOVE NAMED DEFENDANTS:**

        Plaintiff **WILLIAM COLOMBO** by his attorneys, WILLIAM J. MANIATIS, L.L.C.,
complaining of the defendants, respectfully sets forth and alleges, upon information and
belief as follows:

1.      At all relevant times defendant **THE VILLAGE OF PELHAM MANOR** (hereinafter
referred to as "**VILLAGE**") was a municipal corporation duly existing under and by virtue
of the laws of the State of New York.

2.      At all relevant times defendant **THE PELHAM MANOR POLICE DEPARTMENT**
(hereinafter referred to as "**PMPD**") was an agency of the defendant **VILLAGE** and
doing business, specifically providing policing services within the Village of Pelham
Manor, County of Westchester, State of New York.

3.      At all relevant times defendant **POLICE OFFICER BRANDON LUSTIG**
(hereinafter referred to as "**PO LUSTIG**") was and still is a resident of the State of New
York.

4.      At all relevant times defendant **POLICE OFFICER JESUS OCEGUERA**
(hereinafter referred to as "**PO OCEGUERA**") was and still is a resident of the State of
New York.

5.     At all relevant times defendant **POLICE OFFICER SHECOVE SPEID** (hereinafter referred to as "**PO SPEID**") was and still is a resident of the State of New York.

6.     At all relevant times defendants **JOHN AND JANE DOE 1-10** were resents of the State of New York.

7.     Prior to the commencement of this action and on or about September 27, 2024, plaintiff **WILLIAM COLOMBO** served a Notice of Claim, in writing, sworn to by the plaintiff containing the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when, the place where, and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained.

8.     That Claim was served upon the defendant **VILLAGE** by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

9.     That Claim was served upon defendant **PMPD** by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

10.     That Claim was served upon defendant **PO LUSTIG** by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

11.     That Claim was served upon defendant **PO OCEGUERA** by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

12.     That Claim was served upon defendant **PO SPEID** by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

13.     Those Claims were presented within 90 days after the cause of action herein accrued.

14.     More than thirty (30) days have elapsed since the Notices of Claim were served on the defendants.

15.     Defendants were negligent and have refused and neglected to adjust, settle and pay the plaintiff's claims.

16.     This action is commenced within one year and ninety days after the occurrence of the event upon which the claim is based.

2

Case 7:25-cv-10072-JGLC    Document 1-1    Filed 12/04/25    Page 6 of 28

17.    This action is filed within 60 days of the Statutory Hearing held on July 31, 2025 pursuant to written stipulation between Plaintiff's Counsel and Counsel for all Defendants per the attached stipulation, incorporated by reference herein in which all Defendants waive any defense of timeliness and Statute of Limitations.

18.    An oral examination of plaintiff **WILLIAM COLOMBO** was conducted by defendant on July 31, 2025 in compliance with section 50-h of the General Municipal Law.

19.    Plaintiff **WILLIAM COLOMBO** has complied with all conditions and requirements precedent to the commencement of this action.

20.    At all relevant times, **PO LUSTIG** was employed by the Defendant **VILLAGE**.

21.    At all relevant times, **PO LUSTIG** was employed by Defendant **PMPD**.

22.    At all relevant times, **PO OCEGUERA** was employed by the Defendant **VILLAGE**.

23.    At all relevant times, **PO OCEGUERA** was employed by Defendant **PMPD**.

24.    At all relevant times, **PO SPEID** was employed by the Defendant **VILLAGE**.

25.    At all relevant times, **PO SPEID** was employed by Defendant **PMPD**.

26.    At all relevant times, the premises located at 514 Esplanade, Pelham Manor New York, was and is a private resident owned by the Plaintiff **WILLIAM COLOMBO**.

27.    On July 4, 2024 Plaintiff **WILLIAM COLOMBO** held a July 4th Independence Day party in the back yard of his residence, the aforementioned premises.

28.    At approximately 6:45 pm Defendants **PO LUSTIG, PO OCEGUERA** and **PO SPEID** arrived at the premises regarding a purported noise complaint.

29.    **PO LUSTIG, PO OCEGUERA** and **PO SPEID** entered the back yard of the premises without the consent of owner, Plaintiff **WILLIAM COLOMBO**.

30.    **PO LUSTIG**, PO **OCEGUERA** and **PO SPEID** entered the back yard of the premises without consent.

31.    At all relevant times **PO LUSTIG** was acting within the scope of his employment with the Defendant **VILLAGE**.

32.    At all relevant times **PO LUSTIG** was acting within the scope of his employment with Defendant **PMPD**.

**3**

33.     At all relevant times **PO OCEGUERA** was acting within the scope of his employment with the Defendant **VILLAGE**.

34.     At all relevant times **PO OCEGUERA** was acting within the scope of his employment with Defendant **PMPD**.

35.     At all relevant times, **PO SPEID** was acting within the scope of his employment with the Defendant **VILLAGE**.

36.     At all relevant times **PO SPEID** was acting within the scope of his employment with Defendant **PMPD**.

37.     The Plaintiff **WILLIAM COLOMBO** was assaulted, battered, and beaten, by **PO LUSTIG, PO OCEGUERA, PO SPEID and JOHN and JANE DOE 1-10,** and/or their agents, servants, and/or employees, which assault continued after the aforementioned defendants had already placed **MR. COLOMBO** in custody.

38.     The Plaintiff **WILLIAM COLOMBO** was assaulted, battered, and beaten by **PO LUSTIG, PO OCEGUERA, PO SPEID and JOHN and JANE DOE 1-10,** and/or their other agents, servants, and/or employees, which assault consisted of being physically punched in the face and body multiple times, his arms being twisted behind his back, his shoulder being wrenched behind him despite his informing the individual police defendants that he had recently had surgery on the shoulder, being thrown to the ground, being "tased" twice in the chest after already being forcibly restrained and/or placed in custody, being placed in handcuffs which were too tight;  as well as other acts of excessive and unjustifiable force by the defendant police officers, and/or their agents, servants, and/or employees.

39.     The plaintiff **WILLIAM COLOMBO** was in great pain and was suffering and had asked for medical attention, which was denied, for a long and unreasonable period of time.

40.     The plaintiff **WILLIAM COLOMBO** was finally taken to New Rochelle Hospital, where he was treated by medical personnel while in police custody.

41.     The plaintiff **WILLIAM COLOMBO** was thereafter released from the hospital and brought to central booking by the defendants.

42.     The plaintiff **WILLIAM COLOMBO** was thereafter seen by a judge and released on his own recognizance.

4

43. The plaintiff **WILLIAM COLOMBO** was caused to appear in criminal court on various occasions.

## AS AND FOR A FIRST CAUSE OF ACTION

### (ASSAULT AND BATTERY)

44. Plaintiff repeats and realleges each and every previous paragraph with the same force and effect as if fully set forth at length herein.

45. That, on July 4, 2024, the plaintiff, **WILLIAM COLOMBO** was assaulted/battered by the defendants, and/or defendants by and through their agents, servants and/or employees of the defendants herein.

46. The plaintiff, **WILLIAM COLOMBO** was assaulted/battered without justification and without cause and without excuse.

47. The defendants, their agents, servants and employees assaulted and battered the Plaintiff in violation of the Defendant **PMPD's** Excessive Force Policy in force on July 4, 2024.

48. The aforementioned assault and battery was executed by the defendants while working and within the scope and course of their employment with the Defendant **VILLAGE**.

49. The aforementioned assault and battery was executed by the defendants while working and within the scope and course of their employment with the Defendant **PMPD**.

50. By reason of the foregoing, plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, and was extremely humiliated in front of all his guest damaging his reputation in the community; all to plaintiff's great damage.

51. CPLR §1601 does not apply to this action.

52. This action falls within one or more of the exceptions set forth in CPLR § 1602.

5

53.     Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

54.     Pursuant to CPLR § 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

55.     Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendant are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages through the doctrine of *respondent superior*.

56.     Pursuant to CPLR § 1602(5); 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted intentionally.

57.     By reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Retention)

58.     Plaintiff repeats and realleges each and every previous paragraph with the same force and effect as if fully set forth at length herein.

59.     All of the aforementioned acts committed by police officers, servants, and/or other employees of the defendant **VILLAGE** were committed due to the negligence, recklessness and carelessness of the aforementioned police officers, agents, servants acting within the scope of their employment.

6

60.   All of the aforementioned acts committed by police officers, servants, and/or other employees of the defendant **PMPD** were committed due to the negligence, recklessness and carelessness of the aforementioned police officers, agents, servants acting within the scope of their employment.

61.   Defendant **VILLAGE** was negligent, reckless and careless in the hiring, training, supervision and retention of their various police officers, agents, servants and/or other employees.

62.   Defendant **PMPD** was negligent, reckless and careless in the hiring, training, supervision and retention of their various police officers, agents, servants and/or other employees.

63.   All of the aforementioned acts, committed by **PO LUSTIG** were committed due to the failure to properly hire, train, supervise and retain **PO LUSTIG** by the defendant **VILLAGE.**

64.   All of the aforementioned acts, committed by **PO LUSTIG** were committed due to the failure to properly hire, train, supervise and retain **PO LUSTIG** by the Defendant **PMPD.**

65.   All of the aforementioned acts, committed by **PO OCEGUERA** were committed due to the failure to properly hire, train, supervise and retain **PO OCEGUERA** by the defendant **VILLAGE.**

66.   All of the aforementioned acts, committed by **PO OCEGUERA** were committed due to the failure to properly hire, train, supervise and retain **PO OCEGUERA** by the Defendant **PMPD.**

67.   All of the aforementioned acts, committed by **PO SPEID** were committed due to the failure to properly hire, train, supervise and retain **PO SPEID** by the defendant **VILLAGE.**

68.   All of the aforementioned acts, committed by **PO SPEID** were committed due to the failure to properly hire, train, supervise and retain **PO SPEID** by the Defendant **PMPD.**

7

69.     All of the aforementioned acts, committed by **JOHN AND JANE DOE 1-10** were committed due to the failure to properly hire, train, supervise and retain **JOHN AND JANE DOE 1-10** by the defendant **VILLAGE.**

70.     All of the aforementioned acts, committed by **JOHN AND JANE DOE 1-10** were committed due to the failure to properly hire, train, supervise and retain **JOHN AND JANE DOE 1-10** by the Defendant **PMPD.**

71.     By reason of the foregoing, plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, and was extremely humiliated in front of all his guest damaging his reputation in the community; all to plaintiff's great damage.

72.     CPLR §1601 does not apply to this action.

73.     This action falls within one or more of the exceptions set forth in CPLR § 1602.

74.     Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

75.     Pursuant to CPLR § 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

76.     Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendant is vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages.

8

77.     Pursuant to CPLR §§ 1602(5); 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted intentionally.

78.     By reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest and False Imprisonment)
### (Under New York State Law)

79.     Plaintiff repeats and realleges each and every previous paragraph with the same force and effect as if fully set forth at length herein.

80.     On July 4, 2024, the plaintiff was caused to be falsely arrested and falsely imprisoned without probable cause,

81.     The plaintiff was arrested without an arrest warrant.

82.     The Plaintiff was interrogated and assaulted during an investigation of a violation, to wit, a noise complaint.

83.     The false arrest/false imprisonment took place at the premises in the County of Westchester, State of New York and thereafter continuing at other locations, including but not limited to the squad car, the station house, the ambulance, and New Rochelle Hospital wherein the plaintiff was held against his will by the defendants their agents, servants and/or employees.

84.     The aforementioned false arrest and false imprisonment of the plaintiff, was carried out by police officers named herein and/or other servants, agents and/or employees of the defendant **VILLAGE**.

85.     The aforementioned false arrest and false imprisonment of the plaintiff, was carried out by police officers named herein and/or other servants, agents and/or employees of the defendant **PMPD**.

9

86.     The aforementioned false arrest and false imprisonment of the plaintiff was carried out by defendant **PO LUSTIG** while working within the scope and course of his employment with the defendant **VILLAGE**.

87,     The aforementioned false arrest and false imprisonment of the plaintiff was carried out by defendant **PO LUSTIG** while working within the scope and course of his employment with the defendant **PMPD**.

88.     The aforementioned false arrest and false imprisonment of the plaintiff was carried out by defendant **PO OCEGUERA** while working within the scope and course of his employment with the defendant **VILLAGE**.

89,     The aforementioned false arrest and false imprisonment of the plaintiff was carried out by defendant **PO OCEGUERA** while working within the scope and course of his employment with the defendant **PMPD**.

90.     The aforementioned false arrest and false imprisonment of the plaintiff was carried out by defendant **PO SPEID** while working within the scope and course of his employment with the defendant **VILLAGE**.

91.     The aforementioned false arrest and false imprisonment of the plaintiff was carried out by defendant **PO SPEID** while working within the scope and course of his employment with the defendant **PMPD**.

92.     The aforementioned false arrest and false imprisonment of the plaintiff was carried out by defendant **JOHN AND JANE DOE 1-10** while working within the scope and course of their employment with the defendant **VILLAGE**.

93,     The aforementioned false arrest and false imprisonment of the plaintiff was carried out by defendant **JOHN AND JANE DOE 1-10** while working within the scope and course of their employment with the defendant **PMPD**.

94.     By reason of the foregoing, plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as

10

prior to this occurrence, and was extremely humiliated in front of all his guest damaging his reputation in the community; all to plaintiff's great damage.

95.    CPLR § 1601 does not apply to this action.

96.    This action falls within one or more of the exceptions set forth in CPLR § 1602.

97.    Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

98.    Pursuant to CPLR § 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

99.    Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages under the doctrine of *respondent superior*.

100.    Pursuant to CPLR §§ 1602(5); 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted intentionally.

101.    By reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A FOUTH CAUSE OF ACTION

### (Violations of 42 U.S.C. §1983 and The United States Constitution and)
### (The New York State Constitution)

102.    Plaintiff repeats and realleges each and every previous paragraph with the same force and effect as if fully set forth at length herein.

103.    The plaintiff did not commit any illegal act, nor did the individually named

11

defendants have reason to believe he committed an unlawful act, either before or at the time the officers trespassed on his property, falsely arrested and imprisoned him, assaulted and battered him and used excessive force against him. Plaintiff was deprived of his constitutional rights pursuant to the Fourth and Fourteenth Amendments as set forth in the Constitution of the United States, and particularly 42 U.S.C. § 1983 as well as the Constitution of the State of New York.

104. That at all times hereinafter mentioned, the defendant, **PO LUSTIG** was employed in his respective capacity by the defendant **VILLAGE** and was acting under the color of his official capacity and his acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the defendant **VILLAGE**.

105. That at all times hereinafter mentioned, the defendant, **PO LUSTIG** was employed in his respective capacity by the defendant **PMPD** and was acting under the color of his official capacity and his acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the defendant **PMPD**.

106. That at all times hereinafter mentioned, the defendant, **PO OCEGUERA** was employed in his respective capacity by the defendant **VILLAGE** and was acting under the color of his official capacity and his acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the defendant **VILLAGE**.

107. That at all times hereinafter mentioned, the defendant, **PO OCEGUERA** was employed in his respective capacity by the defendant **PMPD** and was acting under the color of his official capacity and his acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the defendant **PMPD**.

108. That at all times hereinafter mentioned, the defendant, **PO SPEID** was employed in his respective capacity by the defendant **VILLAGE** and was acting under the color of his official capacity and his acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the defendant **VILLAGE**.

109. That at all times hereinafter mentioned, the defendant, **PO SPEID** was employed in his respective capacity by the defendant **PMPD** and was acting under the color of his official capacity and his acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the defendant **PMPD**.

12

110.    That at all times hereinafter mentioned, the defendant **JOHN DOE AND JANE DOE 1-10** were employed in their respective capacity by the defendant **VILLAGE** and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the defendant **VILLAGE.**

111.    That at all times hereinafter mentioned, the defendants **JOHN DOE AND JANE DOE 1-10** were employed in their respective capacity by the defendant **PMPD** and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the defendant **PMPD.**

112.    Defendant **PO LUSTIG** is being sued in his personal and official capacities for violation of plaintiff's constitutional rights as his actions were intentional with knowing disregard of the Plaintiff's Constitutional rights.

113.    Defendant **PO OCEGUERA** is being sued in his personal and official capacities for violation of plaintiff's constitutional rights as his actions were intentional with knowing disregard of the Plaintiff's Constitutional rights.

114.    Defendant **PO SPEID** is being sued in his personal and official capacities for violation of plaintiff's constitutional rights as his actions were intentional with knowing disregard of the Plaintiff's Constitutional rights.

115.    Defendant **JOHN DOE AAND JANE DOE 1-10** are being sued in their personal and official capacities for violation of plaintiff's constitutional rights pursuant to 42 USC,§1983.

116.    The unlawful and illegal conduct of the defendants, their agents, servants and/or employees and each of them, deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York,  freedom from unlawful entry into his home and property without consent, without a warrant and without probable cause or exigent circumstances; freedom from unreasonable seizure of his person (including but not limited to false arrest and detention and the use of excessive force)  and the right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of  the United States.

13

117. That the deprivation of plaintiff's Constitutional rights was the result of the unconstitutional acts of defendants **PO LUSTIG, PO OCEGUERA AND PO SPEID** while acting under color of state law and within the scope of their employ..

118. That the deprivation of plaintiff's Constitutional rights was a proximate result of the defendant **VILLAGE's** custom and/or policy of arresting individuals without probable cause.

119. That the deprivation of plaintiff's Constitutional rights was a proximate result of the defendant **PMPD's** custom and/or policy of arresting individuals without probable cause.

120. That the deprivation of plaintiff's Constitutional rights was the result of the defendant **VILLAGE's** custom and/or policy of using excessive force.

121. That the deprivation of plaintiff's Constitutional rights was the result of the defendant **PMPD** custom and/or policy of using excessive force.

122. Defendant **VILLAGE** knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and/or employees and yet the defendant **VILLAGE** has failed to take any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff, or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

123. Defendant **PMPD** knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and/or employees and yet the defendant **PMPD** has failed to take any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff, or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents

124. The said customs and/or policies may be inferred from the existence of other similar Civil Rights actions that have been brought against the defendant **VILLAGE.**

125. The said customs and/or policies may be inferred from the existence of other similar Civil Rights actions that have been brought against the defendant **PMPD.**

126. The violations of plaintiff's Constitutional rights were the result of customs and/or policies adopted by the defendant **VILLAGE.**

127. That the violations of plaintiff's Constitutional rights were the result of customs and/or policies adopted by the defendant **PMPD.**

14

127.    The deprivation of plaintiff's Constitutional rights was the result of the defendant **PO LUSTIG's** trespass, assault and battery, arrest and detention of the plaintiff without probable cause.

128.    The deprivation of plaintiff's Constitutional rights was the result of the defendant **PO OCEGUERA's** trespass, assault and battery, arrest and detention of the plaintiff without probable cause.

129.    The deprivation of plaintiff's Constitutional rights was the result of the defendant **PO SPEID's** trespass, assault and battery, arrest and detention of the plaintiff without probable cause.

130.    The deprivation of plaintiff's Constitutional rights was the result of the defendant **JOHN DOE AND JANE DOE 1-10's** trespass, assault and battery, arrest and detention of the plaintiff without probable cause.

131.    The deprivation of plaintiff's Constitutional Rights was a result of the defendant **VILLAGE's** custom and policy in failing to discipline officers for the use of excessive force.

132.    The deprivation of plaintiff's Constitutional Rights was a result of the defendant **PMPD's** custom and policy in failing to discipline officers for the use of excessive force.

133.    The customs and/or policies adopted by the defendant **VILLAGE** exhibited a deliberate indifference to the Constitutional rights of plaintiff.

134.    The customs and/or policies adopted by the defendant **PMPD** exhibited a deliberate indifference to the Constitutional rights of plaintiff.

135.    CPLR §1601 does not apply to this action.

136.    This action falls within one or more of the exceptions set forth in CPLR § 1602.

137.    Pursuant to CPLR § 1602(2)(iv), defendants are is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

138.    Pursuant to CPLR § 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

15

139. Pursuant to CPLR § 1602(2)(iv), defendant is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant is vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages through the doctrine of *respondent superior.*.

140. Pursuant to CPLR §§ 1602(5); 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted intentionally.

141. By reason of the aforesaid allegations as set forth in all of the previous paragraphs including, but not limited to, the individual defendants' trespass, false arrest and false imprisonment of Plaintiff, defendants' assault and battery of the Plaintiff, and as a result of the Defendants' negligent hiring, negligent training, negligent supervision and negligent retention of its various employees and/or police officers, the plaintiff was caused to have his civil rights as guaranteed under the U.S. Constitution, including, but not limited to the Fourth and Fourteenth Amendments, violated by the defendant and/or defendants herein, and as set forth under 42 U.S.C. Section 1983.

142. By reason of the foregoing, plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, and was extremely humiliated in front of all his guest damaging his reputation in the community; all to plaintiff's great damage.

143. By reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

16

144.    Plaintiff repeats and realleges each and every previous paragraph with the same force and effect as if fully set forth at length herein.

145.    By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, which was utterly intolerable in a civilized community, which intentionally caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights a guaranteed by the laws of the State of New York.

146.    As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York.

147.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the defendant **VILLAGE** which is therefore responsible for their conduct.

148.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the defendant **PMPD** which is therefore responsible for their conduct.

149.    The defendant were the employers of the police officer defendants, and/or other defendants, and are responsible for their wrongdoing under the doctrine of *respondent superior.*

150.    As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

151.    CPLR §1601 does not apply to this action.

152.    This action falls within one or more of the exceptions set forth in CPLR § 1602.

153.    Pursuant to CPLR § 1602(2)(iv), defendants are  jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

154.    Pursuant to CPLR § 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

17

FILED: WESTCHESTER COUNTY CLERK 09/29/2025 09:23 PM     INDEX NO. 72118/2025
NYSCEF DOC. NO. 2                                              RECEIVED NYSCEF: 09/29/2025

155.    Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages through the doctrine of *respondeat superior*.

156.    Pursuant to CPLR §§ 1602(5); 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted intentionally.

157.    By reason of the foregoing, plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, and was extremely humiliated in front of all his guest damaging his reputation in the community; all to plaintiff's great damage.

158.    By reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

159.    Plaintiff repeats and realleges each and every previous paragraph with the same force and effect as if fully set forth at length herein.

160.    By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, which was utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws of the State of New York.

18

161.   The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws of the State of New York.

162.   Defendants were at all times agents, servants, and employees acting within the scope of their employment by the defendant, **VILLAGE** which are therefore responsible for their conduct.

163.   Defendants were at all times agents, servants, and employees acting within the scope of their employment by the defendant, **PMPD** which are therefore responsible for their conduct.

164,   The defendant **VILLAGE** were the employers of the police officer defendants and/ or other defendants, and are responsible for their wrongdoing under the doctrine of *respondeat superior.*

165.   The defendant **PMPD** were the employers of the police officer defendants and/or other defendants, and are responsible for their wrongdoing under the doctrine of *respondeat superior.*

166.   As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

167.   CPLR §1601 does not apply to this action.

168.   This action falls within one or more of the exceptions set forth in CPLR § 1602.

169.   Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

170.   Pursuant to CPLR § 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

171.   Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendant s

19

are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages through the doctrine of *respondent superior*.

172.  Pursuant to CPLR §§ 1602(5); 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted intentionally.

173.  By reason of the foregoing, plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, and was extremely humiliated in front of all his guest damaging his reputation in the community; all to plaintiff's great damage.

174.  By reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene)

175.  Plaintiff repeats and realleges each and every previous paragraph with the same force and effect as if fully set forth at length herein.

176.  That the defendants that did not physically touch plaintiff, but who were present when other police officers, and/or other defendants, violated plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by police officers, and/or other agents, servants, and/or employees of the defendants.

177.  Defendants failed to intervene to prevent the unlawful conduct described herein.

178.  As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was assaulted and battered, he was put in fear of his safety, and he was humiliated and subject to other physical constraints, and other personal injuries.

20

179.   As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York, and/or under the Constitution of the United States of America under 42 U.S.C. §1983.

180.   The individual defendants were at all times agents, servants, and employees acting within the scope of their employment by **VILLAGE,** which are therefore responsible for their conduct.

181.   The individual defendants were at all times agents, servants, and employees acting within the scope of their employment by **PMPD,** which are therefore responsible for their conduct.

182.   The defendant **VILLAGE** as the employers of the co-defendants, are responsible for their wrongdoing under the doctrine of *respondeat superior.*

183.   The defendant **PMPD** as the employers of the co-defendants, are responsible for their wrongdoing under the doctrine of *respondeat superior.*

184.   The deprivation of plaintiff's Constitutional Rights was a result of the defendant **VILLAGE's** custom and policy in failing to discipline officers for the use of excessive force.

185.   The deprivation of plaintiff's Constitutional Rights was a result of the defendant **PMPD's** custom and policy in failing to discipline officers for the use of excessive force.

186.   The customs and/or policies adopted by the defendant **VILLAGE** exhibited a deliberate indifference to the Constitutional rights of plaintiff.

187.   The customs and/or policies adopted by the defendant **PMPD** exhibited a deliberate indifference to the Constitutional rights of plaintiff.

188.   As a result of the aforementioned conduct of the defendants, plaintiff sustained personal physical injuries, including but not limited to emotional and psychological injuries.

189.   CPLR §1601 does not apply to this action.

190.   This action falls within one or more of the exceptions set forth in CPLR § 1602.

191.   Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

21

192.    Pursuant to CPLR § 1602(7) defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

193.    Pursuant to CPLR § 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages.

194.    Pursuant to CPLR §§ 1602(5); 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted intentionally.

195.    By reason of the aforesaid allegations as set forth in all of the previous paragraphs including, but not limited to, the plaintiff's false arrest, false imprisonment, assault and battery, and as a result of the Defendants' negligent hiring, negligent training, negligent supervision and negligent retention of its various employees and/or police officers, the plaintiff was caused to have his civil rights as guaranteed under the U.S. Constitution, including, but not limited to the Fourth and Fourteenth Amendments, violated by the defendant and/or defendants herein, as set forth under 42 U.S.C. § 1983.

196.    By reason of the foregoing, plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, and was extremely humiliated in front of all his guest damaging his reputation in the community; all to plaintiff's great damage.

22

197. By reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff, demands judgment against the defendants for compensatory and punitive damages, on the First, Second, Third, Fourth, Fifth, Sixth and Seventh causes of actions in an amount in excess of the monetary jurisdictional limits of any and all of the lower Courts that might have jurisdiction; together with costs and disbursements, interest, and legal fees pursuant to 42 U.S.C. Section 1988, of these causes of action.

Dated:          New York, New York
                September 29, 2025

                                        Yours, etc.,

                                        WILLIAM J. MANIATIS, L.L.C.
                                        Attorneys for Plaintiff

                                        By: _____
                                              WILLIAM J. MANIATIS
                                        111 Broadway, 7th Floor
                                        New York, NY 10006
                                        (212) 248-5060

23

## VERIFICATION

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NEW YORK  )

      WILLIAM J. MANIATIS, an attorney admitted to practice in the Courts of the

State of New York affirms the following:

      I am a member of the law firm of WILLIAM J. MANIATIS, L.L.C., attorneys

for the plaintiff(s) herein.

      I have read the foregoing **VERIFIED COMPLAINT** and know the contents

thereof, and upon information and belief deponent believes the matters alleged

therein to be true.

      The reason this Verification is made by deponent and not by plaintiff(s) is

that the plaintiff(s) herein reside(s) in a county other than the one in which

deponent's law firm maintains their offices.

      The source of deponent's information and the grounds of his/her belief are

communications, papers, reports and investigations contained in the file.

_____
      WILLIAM J. MANIATIS

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

WILLIAM COLOMBO,

*Plaintiff,*

-against-

THE VILLAGE OF PELHAM MANOR and THE VILLAGE OF PELHAM MANOR POLICE
DEPARTMENT, *et al,*

*Defendants.*

---

---

## WILLIAM J. MANIATIS, LLC
Attorneys for Plaintiff(s)
111 Broadway, Suite 701
New York, NY 10006
Tel. (212) 248-5060
Fax. (212) 389-9793

---

To:    DEFENDANTS

Attorneys for:

---

Service of a copy of the within SUMMONS AND COMPLAINT

is hereby
admitted.
Dated:                    ...........................................................
Attorneys for:

---

PLEASE TAKE NOTICE

☐    That the within is a (certified) true copy of a
Entered in the office of the Clerk of the within named court on
_____20_____

☐    That an Order of which the within is a true copy will be presented for settlement to the
Hon.

one of the judges of the within named Court,
at
on            _____20_____    at            M.

Dated: October 31, 2025
WILLIAM J. MANIATIS, LLC
Attorneys for Plaintiff(s)
111 Broadway, Suite 701
New York, NY 10006
Tel. (212) 248-5060