UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

WILLIAM COLOMBO,                                   Civil Case No.: 7:25-cv-10072

                              Plaintiff,

      -against-                                                **ANSWER**

THE VILLAGE OF PELHAM MANOR, THE PELHAM        <u>JURY TRIAL DEMANDED</u>
MANOR POLICE DEPARTMENT, POLICE OFFICER
BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA,
POLICE OFFICER SHECOVE SPEID, and JOHN AND JANE
DOE 1-10, said names being fictitious and intended to represent
individual officers of the Defendants' Police Departments,

                              Defendants.

-------------------------------------------------------------------X

      Defendants THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE

DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA,

POLICE OFFICER SHECOVE SPEID, and JOHN AND JANE DOE 1-10, said names being fictitious and

intended to represent individual officers of the Defendants' Police Department (collectively "Defendants"), by

and through their attorneys, to the Verified Complaint, dated September 29, 2025 ("plaintiff's complaint"),

respectfully allege, upon information and belief, as follow:

      1.      Denies in the form alleged the allegations contained in paragraph "1" of the plaintiff's
complaint.

      2.      Denies in the form alleged the allegations contained in paragraph "2" of the plaintiff's
complaint.

      3.      Admit each and every allegation contained in paragraph "3" of the plaintiff's complaint.

      4.      Admit each and every allegation contained in paragraph "4" of the plaintiff's complaint.

      5.      Admit each and every allegation contained in paragraph "5" of the plaintiff's complaint.

6.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "6" of plaintiff's Complaint.

7.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "7" of plaintiff's Complaint.

8.    Denies in the form alleged the allegations contained in paragraph "8" of plaintiff's Complaint.

9.    Denies in the form alleged the allegations contained in paragraph "9" of plaintiff's Complaint.

10.    Denies in the form alleged the allegations contained in paragraph "10" of plaintiff's Complaint.

11.    Denies in the form alleged the allegations contained in paragraph "11" of plaintiff's Complaint.

12.    Denies in the form alleged the allegations contained in paragraph "12" of plaintiff's Complaint.

13.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of plaintiff's Complaint.

14.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of plaintiff's Complaint.

15.    Denies each and every allegation contained in paragraph "15" of plaintiff's Complaint.

16.    Denies in the form alleged the allegations contained in paragraph "16" of plaintiff's Complaint.

17.    Denies in the form alleged the allegations contained in paragraph "17" of plaintiff's Complaint.

18.    Admit each and every allegation contained in paragraph "18" of the plaintiff's complaint.

19.    Denies each and every allegation contained in paragraph "19" of plaintiff's Complaint.

20.    Denies in the form alleged the allegations contained in paragraph "20" of plaintiff's Complaint.

21.    Denies in the form alleged the allegations contained in paragraph "21" of plaintiff's Complaint.

22.    Denies in the form alleged the allegations contained in paragraph "22" of plaintiff's Complaint.

23.    Denies in the form alleged the allegations contained in paragraph "23" of plaintiff's Complaint.

24.    Denies in the form alleged the allegations contained in paragraph "24" of plaintiff's Complaint.

LEGAL/173211748.1

25.     Denies in the form alleged the allegations contained in paragraph "25" of plaintiff's Complaint.

26.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of plaintiff's Complaint.

27.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of plaintiff's Complaint.

28.     Denies each and every allegation contained in paragraph "28" of plaintiff's Complaint.

29.     Denies each and every allegation contained in paragraph "29" of plaintiff's Complaint.

30.     Denies each and every allegation contained in paragraph "30" of plaintiff's Complaint.

31.     Denies in the form alleged the allegations contained in paragraph "31" of plaintiff's Complaint.

32.     Denies in the form alleged the allegations contained in paragraph "32" of plaintiff's Complaint.

33.     Denies in the form alleged the allegations contained in paragraph "33" of plaintiff's Complaint.

34.     Denies in the form alleged the allegations contained in paragraph "34" of plaintiff's Complaint.

35.     Denies in the form alleged the allegations contained in paragraph "35" of plaintiff's Complaint.

36.     Denies in the form alleged the allegations contained in paragraph "36" of plaintiff's Complaint.

37.     Denies each and every allegation contained in paragraph "37" of plaintiff's Complaint.

38.     Denies each and every allegation contained in paragraph "38" of plaintiff's Complaint.

39.     Denies each and every allegation contained in paragraph "39" of plaintiff's Complaint.

40.     Denies each and every allegation contained in paragraph "40" of plaintiff's Complaint.

41.     Denies each and every allegation contained in paragraph "41" of plaintiff's Complaint.

42.     Denies each and every allegation contained in paragraph "42" of plaintiff's Complaint.

43.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of plaintiff's Complaint.

LEGAL/173211748.1

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
(Assault and Battery)

44.     Defendants repeat, reiterate and reallege the responses set forth as to paragraphs "1" through "43" as if fully set forth herein in paragraph "44" of plaintiff's Complaint.

45.     Denies each and every allegation contained in paragraph "45" of plaintiff's Complaint.

46.     Denies each and every allegation contained in paragraph "46" of plaintiff's Complaint.

47.     Denies each and every allegation contained in paragraph "47" of plaintiff's Complaint.

48.     Denies each and every allegation contained in paragraph "48" of plaintiff's Complaint.

49.     Denies each and every allegation contained in paragraph "49" of plaintiff's Complaint.

50.     Denies each and every allegation contained in paragraph "50" of plaintiff's Complaint.

51.     Denies each and every allegation contained in paragraph "51" of plaintiff's Complaint.

52.     Denies each and every allegation contained in paragraph "52" of plaintiff's Complaint.

53.     Denies each and every allegation contained in paragraph "53" of plaintiff's Complaint.

54.     Denies each and every allegation contained in paragraph "54" of plaintiff's Complaint.

55.     Denies each and every allegation contained in paragraph "55" of plaintiff's Complaint.

56.     Denies each and every allegation contained in paragraph "56" of plaintiff's Complaint.

57.     Denies each and every allegation contained in paragraph "57" of plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
(Negligent Hiring, Training, Supervision and Retention)

58.     Defendants repeat, reiterate and reallege the responses set forth as to paragraphs "1" through "57" as if fully set forth herein in paragraph "58" of plaintiff's Complaint.

59.     Denies each and every allegation contained in paragraph "59" of plaintiff's Complaint.

60.     Denies each and every allegation contained in paragraph "60" of plaintiff's Complaint.

61.     Denies each and every allegation contained in paragraph "61" of plaintiff's Complaint.

62.     Denies each and every allegation contained in paragraph "62" of plaintiff's Complaint.

4

63.     Denies each and every allegation contained in paragraph "63" of plaintiff's Complaint.

64.     Denies each and every allegation contained in paragraph "64" of plaintiff's Complaint.

65.     Denies each and every allegation contained in paragraph "65" of plaintiff's Complaint.

66.     Denies each and every allegation contained in paragraph "66" of plaintiff's Complaint.

67.     Denies each and every allegation contained in paragraph "67" of plaintiff's Complaint.

68.     Denies each and every allegation contained in paragraph "68" of plaintiff's Complaint.

69.     Denies in the form alleged the allegations contained in paragraph "69" of plaintiff's Complaint.

70.     Denies in the form alleged the allegations contained in paragraph "70" of plaintiff's Complaint.

71.     Denies each and every allegation contained in paragraph "71" of plaintiff's Complaint.

72.     Denies each and every allegation contained in paragraph "72" of plaintiff's Complaint.

73.     Denies each and every allegation contained in paragraph "73" of plaintiff's Complaint.

74.     Denies each and every allegation contained in paragraph "74" of plaintiff's Complaint.

75.     Denies each and every allegation contained in paragraph "75" of plaintiff's Complaint.

76.     Denies each and every allegation contained in paragraph "76" of plaintiff's Complaint.

77.     Denies each and every allegation contained in paragraph "77" of plaintiff's Complaint.

78.     Denies each and every allegation contained in paragraph "78" of plaintiff's Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
(False Arrest and False Imprisonment)
(Under New York Law)

79.     Defendants repeat, reiterate and reallege the responses set forth as to paragraphs "1" through "78" as if fully set forth herein in paragraph "79" of plaintiff's Complaint.

80.     Denies each and every allegation contained in paragraph "80" of plaintiff's Complaint.

81.     Denies each and every allegation contained in paragraph "81" of plaintiff's Complaint.

82.     Denies each and every allegation contained in paragraph "82" of plaintiff's Complaint.

83.     Denies each and every allegation contained in paragraph "83" of plaintiff's Complaint.

84.     Denies each and every allegation contained in paragraph "84" of plaintiff's Complaint.

85.     Denies each and every allegation contained in paragraph "85" of plaintiff's Complaint.

86.     Denies each and every allegation contained in paragraph "86" of plaintiff's Complaint.

87.     Denies each and every allegation contained in paragraph "87" of plaintiff's Complaint.

88.     Denies each and every allegation contained in paragraph "88" of plaintiff's Complaint.

89.     Denies each and every allegation contained in paragraph "89" of plaintiff's Complaint.

90.     Denies each and every allegation contained in paragraph "90" of plaintiff's Complaint.

91.     Denies each and every allegation contained in paragraph "91" of plaintiff's Complaint.

92.     Denies each and every allegation contained in paragraph "92" of plaintiff's Verified Complaint.

93.     Denies each and every allegation contained in paragraph "93" of plaintiff's Complaint.

94.     Denies each and every allegation contained in paragraph "94" of plaintiff's Complaint.

95.     Denies each and every allegation contained in paragraph "95" of plaintiff's Complaint.

96.     Denies each and every allegation contained in paragraph "96" of plaintiff's Complaint.

97.     Denies each and every allegation contained in paragraph "97" of plaintiff's Complaint.

98.     Denies each and every allegation contained in paragraph "98" of plaintiff's Complaint.

99.     Denies each and every allegation contained in paragraph "99" of plaintiff's Complaint.

100.    Denies each and every allegation contained in paragraph "100" of plaintiff's Complaint.

101.    Denies each and every allegation contained in paragraph "101" of plaintiff's Complaint.

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION**
(Violations of 42 U.S.C. §1983 and The United States Constitution and)
(The New York State Constitution)

102.    Defendants repeat, reiterate and reallege the responses set forth as to paragraphs "1" through "101" as if fully set forth herein in paragraph "102" of plaintiff's Complaint.

103.    Denies each and every allegation contained in paragraph "103" of plaintiff's Complaint.

104.    Denies each and every allegation contained in paragraph "104" of plaintiff's Complaint.

105.    Denies each and every allegation contained in paragraph "105" of plaintiff's Complaint.

106.    Denies each and every allegation contained in paragraph "106" of plaintiff's Complaint.

107.    Denies each and every allegation contained in paragraph "107" of plaintiff's Complaint.

108.    Denies each and every allegation contained in paragraph "108" of plaintiff's Complaint.

109.    Denies each and every allegation contained in paragraph "109" of plaintiff's Complaint.

110.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "110" of plaintiff's Complaint.

111.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "111" of plaintiff's Complaint.

112.    Denies each and every allegation contained in paragraph "112" of plaintiff's Complaint.

113.    Denies each and every allegation contained in paragraph "113" of plaintiff's Complaint.

114.    Denies each and every allegation contained in paragraph "114" of plaintiff's Complaint.

115.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "115" of plaintiff's Complaint.

116.    Denies each and every allegation contained in paragraph "116" of plaintiff's Complaint.

117.    Denies each and every allegation contained in paragraph "117" of plaintiff's Complaint.

118.    Denies each and every allegation contained in paragraph "118" of plaintiff's Complaint.

119.    Denies each and every allegation contained in paragraph "119" of plaintiff's Complaint.

120.    Denies each and every allegation contained in paragraph "120" of plaintiff's Complaint.

121.    Denies each and every allegation contained in paragraph "121" of plaintiff's Complaint.

122.    Denies each and every allegation contained in paragraph "122" of plaintiff's Complaint.

LEGAL/173211748.1

123.    Denies each and every allegation contained in paragraph "123" of plaintiff's Complaint.

124.    Denies each and every allegation contained in paragraph "124" of plaintiff's Complaint.

125.    Denies each and every allegation contained in paragraph "125" of plaintiff's Complaint.

126.    Denies each and every allegation contained in paragraph "126" of plaintiff's Complaint.

127.    Denies each and every allegation contained in paragraph "127" of plaintiff's Complaint.

127.    (second paragraph misnumbered 127) Denies each and every allegation contained in paragraph "127" of plaintiff's Complaint.

128.    Denies each and every allegation contained in paragraph "128" of plaintiff's Complaint.

129.    Denies each and every allegation contained in paragraph "129" of plaintiff's Complaint.

130.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "130" of plaintiff's Complaint.

131.    Denies each and every allegation contained in paragraph "131" of plaintiff's Complaint.

132.    Denies each and every allegation contained in paragraph "132" of plaintiff's Complaint.

133.    Denies each and every allegation contained in paragraph "133" of plaintiff's Complaint.

134.    Denies each and every allegation contained in paragraph "134" of plaintiff's Complaint.

135.    Denies each and every allegation contained in paragraph "135" of plaintiff's Complaint.

136.    Denies each and every allegation contained in paragraph "136" of plaintiff's Complaint.

137.    Denies each and every allegation contained in paragraph "137" of plaintiff's Complaint.

138.    Denies each and every allegation contained in paragraph "138" of plaintiff's Complaint.

139.    Denies each and every allegation contained in paragraph "139" of plaintiff's Complaint.

140.    Denies each and every allegation contained in paragraph "140" of plaintiff's Complaint.

141.    Denies each and every allegation contained in paragraph "141" of plaintiff's Complaint.

142.    Denies each and every allegation contained in paragraph "142" of plaintiff's Complaint.

LEGAL/173211748.1

143.    Denies each and every allegation contained in paragraph "143" of plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

144.    Defendants repeat, reiterate and reallege the responses set forth as to paragraphs "1" through "143" as if fully set forth herein in paragraph "144" of plaintiff's Complaint.

145.    Denies each and every allegation contained in paragraph "145" of plaintiff's Complaint.

146.    Denies each and every allegation contained in paragraph "146" of plaintiff's Complaint.

147.    Denies each and every allegation contained in paragraph "147" of plaintiff's Complaint.

148.    Denies each and every allegation contained in paragraph "148" of plaintiff's Complaint.

149.    Denies each and every allegation contained in paragraph "149" of plaintiff's Complaint.

150.    Denies each and every allegation contained in paragraph "150" of plaintiff's Complaint.

151.    Denies each and every allegation contained in paragraph "151" of plaintiff's Complaint.

152.    Denies each and every allegation contained in paragraph "152" of plaintiff's Complaint.

153.    Denies each and every allegation contained in paragraph "153" of plaintiff's Complaint.

154.    Denies each and every allegation contained in paragraph "154" of plaintiff's Complaint.

155.    Denies each and every allegation contained in paragraph "155" of plaintiff's Complaint.

156.    Denies each and every allegation contained in paragraph "156" of plaintiff's Complaint.

157.    Denies each and every allegation contained in paragraph "157" of plaintiff's Complaint.

158.    Denies each and every allegation contained in paragraph "158" of plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

159.    Defendants repeat, reiterate and reallege the responses set forth as to paragraphs "1" through "158" as if fully set forth herein in paragraph "159" of plaintiff's Complaint.

160.    Denies each and every allegation contained in paragraph "160" of plaintiff's Complaint.

LEGAL/173211748.1

161.    Denies each and every allegation contained in paragraph "161" of plaintiff's Complaint.

162.    Denies each and every allegation contained in paragraph "162" of plaintiff's Complaint.

163.    Denies each and every allegation contained in paragraph "163" of plaintiff's Complaint.

164.    Denies each and every allegation contained in paragraph "164" of plaintiff's Complaint.

165.    Denies each and every allegation contained in paragraph "165" of plaintiff's Complaint.

166.    Denies each and every allegation contained in paragraph "166" of plaintiff's Complaint.

167.    Denies each and every allegation contained in paragraph "167" of plaintiff's Complaint.

168.    Denies each and every allegation contained in paragraph "168" of plaintiff's Complaint.

169.    Denies each and every allegation contained in paragraph "169" of plaintiff's Complaint.

170.    Denies each and every allegation contained in paragraph "170" of plaintiff's Complaint.

171.    Denies each and every allegation contained in paragraph "171" of plaintiff's Complaint.

172.    Denies each and every allegation contained in paragraph "172" of plaintiff's Complaint.

173.    Denies each and every allegation contained in paragraph "173" of plaintiff's Complaint.

174.    Denies each and every allegation contained in paragraph "174" of plaintiff's Complaint.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION
### (Failure to Intervene)

175.    Denies each and every allegation contained in paragraph "175" of plaintiff's Complaint.

176.    Denies each and every allegation contained in paragraph "176" of plaintiff's Complaint.

177.    Denies each and every allegation contained in paragraph "177" of plaintiff's Complaint.

178.    Denies each and every allegation contained in paragraph "178" of plaintiff's Complaint.

179.    Denies each and every allegation contained in paragraph "179" of plaintiff's Complaint.

180.    Denies each and every allegation contained in paragraph "180" of plaintiff's Complaint.

181.    Denies each and every allegation contained in paragraph "181" of plaintiff's Complaint.

182.    Denies each and every allegation contained in paragraph "182" of plaintiff's Complaint.

183.    Denies each and every allegation contained in paragraph "183" of plaintiff's Complaint.

184.    Denies each and every allegation contained in paragraph "184" of plaintiff's Complaint.

185.    Denies each and every allegation contained in paragraph "185" of plaintiff's Complaint.

186.    Denies each and every allegation contained in paragraph "186" of plaintiff's Complaint.

187.    Denies each and every allegation contained in paragraph "187" of plaintiff's Complaint.

188.    Denies each and every allegation contained in paragraph "188" of plaintiff's Complaint.

189.    Denies each and every allegation contained in paragraph "189" of plaintiff's Complaint.

190.    Denies each and every allegation contained in paragraph "190" of plaintiff's Complaint.

191.    Denies each and every allegation contained in paragraph "191" of plaintiff's Complaint.

192.    Denies each and every allegation contained in paragraph "192" of plaintiff's Complaint.

193.    Denies each and every allegation contained in paragraph "193" of plaintiff's Complaint.

194.    Denies each and every allegation contained in paragraph "194" of plaintiff's Complaint.

195.    Denies each and every allegation contained in paragraph "195" of plaintiff's Complaint.

196.    Denies each and every allegation contained in paragraph "196" of plaintiff's Complaint.

197.    Denies each and every allegation contained in paragraph "197" of plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

198.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

199.    Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

LEGAL/173211748.1

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

200. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

201. Defendants The Village of Pelham Manor, The Pelham Manor Police Department, Police Officer Brandon Lustig, Police Officer Jesus Oceguera, Police Officer Shecove Speid, have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

202. At all times relevant to the acts alleged in the complaint, defendants The Village of Pelham Manor, The Pelham Manor Police Department, Police Officer Brandon Lustig, Police Officer Jesus Oceguera, Police Officer Shecove Speid, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants The Village of Pelham Manor, The Pelham Manor Police Department, Police Officer Brandon Lustig, Police Officer Jesus Oceguera, Police Officer Shecove Speid, are entitled to governmental immunity from liability on Plaintiff's state law claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

203. To the extent the complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-e and 50-i, et seq.

LEGAL/173211748.1

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

204.    At all times relevant to the acts alleged in the complaint, defendants The Village of Pelham Manor, The Pelham Manor Police Department, Police Officer Brandon Lustig, Police Officer Jesus Oceguera, Police Officer Shecove Speid, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants The Village of Pelham Manor, The Pelham Manor Police Department, Police Officer Brandon Lustig, Police Officer Jesus Oceguera, Police Officer Shecove Speid, are entitled to governmental immunity from liability on Plaintiff's state law claims.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

205.    Punitive damages are not recoverable against the defendants.  Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

206.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

207.    Plaintiff's claims are barred, in whole or in part, by her own contributory and comparative negligence and by assumption of risk.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

208.    Plaintiff's claims are bared, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

209.    Plaintiff provoked any incident.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13

210.    Plaintiff may have failed to mitigate damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

211.    To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendant's official duties and to protect their own physical safety and the safety of others.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

212.    Defendants The Village of Pelham Manor, The Pelham Manor Police Department, Police Officer Brandon Lustig, Police Officer Jesus Oceguera, and Police Officer Shecove Speid, were not personally involved in the specific incidents underlying Plaintiff's allegations.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

213.    There was probable cause for Plaintiff's arrest, detention, and subsequent prosecution.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

214.    The Defendants The Village of Pelham Manor, The Pelham Manor Police Department, Police Officer Brandon Lustig, Police Officer Jesus Oceguera, and Police Officer Shecove Speid are not a suable entity.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

215.    The Defendants The Village of Pelham Manor, The Pelham Manor Police Department, Police Officer Brandon Lustig, Police Officer Jesus Oceguera, and Police Officer Shecove Speid, all in their individual capacities and in their Official capacities have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

LEGAL/173211748.1

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

216.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, and POLICE OFFICER SHECOVE SPEID, all in their individual capacities and in their Official capacities defendants, and the Defendants demand that the ultimate rights of the parties hereto be apportioned through indemnification and contribution as determined by the Court or Jury.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

217.    The alleged deprivation of Plaintiff's constitutional rights was not done pursuant to a governmental custom, policy, practice, ordinance, regulation or decision of the THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, and POLICE OFFICER SHECOVE SPEID, all in their individual capacities and/or in their Official capacities.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

218.    Plaintiff's detention was lawful, privileged, and authorized by New York State law.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

219.    THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, and POLICE OFFICER SHECOVE SPEID, all in their individual capacities and in their Official capacities are all entitled to absolute, qualified and/or quasi-judicial immunity, immunity, along with all other immunities available under federal, state, or common law.

LEGAL/173211748.1

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

220.    If Plaintiffs were damaged or injured as alleged in the Complaint herein, and such damage and injury was not sustained solely as a result of Plaintiff's own negligence, carelessness, culpable conduct, or want of care, then same was brought about by reason of the negligence, carelessness, culpable conduct, want of care and intentional acts of third parties.

**AS AND FOR A TWENTY- FOURTH AFFIRMATIVE DEFENSE**

221.    The acts of the Defendants were done in good faith, without malice, wantonness, recklessness, callous or indifference.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

222.    THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, and POLICE OFFICER SHECOVE SPEID, all in their individual capacities and in their Official capacities cannot be held liable under the doctrine of respondeat superior.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

223.    There was no actual malice on the part of the Defendants or such wantonness or recklessness as to imply or permit the inference of malice. Thus, Plaintiff is not entitled to an award of punitive damages against any of the named Defendants.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

224.    Plaintiff failed to name necessary parties to this action.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

225.    If any liability is found as against the answering defendants, this liability will constitute fifty percent (50%) or less of all liability assigned to all parties liable, and, as such, the liability of these answering

LEGAL/173211748.1

defendants to plaintiff for non-economic loss shall be limited, and shall not exceed answering defendants' equitable share, as provided in CPLR Art. 16.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

226.    Upon information and belief, the hazards and risks incident to the circumstances set forth in its complaint were caused by intervening, superseding acts of third-parties over which answering defendants had no control.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

227.    Upon information and belief, any past or future costs or expenses incurred, or to be incurred, by plaintiff and/or plaintiff's decedent for medical care, dental care, custodial care, rehabilitative services, loss of earnings, or other economic loss has been, or will be, with reasonable certainty, replaced or indemnified, in whole or in part, from a collateral source, as defined in CPLR 4545(c) and, consequently, if any damages are recoverable against answering defendants, such damages shall be diminished by the amount of the funds that plaintiff has or shall receive from such collateral source.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

228.    That if the plaintiff shall have judgment and/or verdict in his favor over and against the answering defendants, the answering defendants shall be entitled to all rights, remedies and offsets in accordance with General Obligations Law Article 15. That if the plaintiff shall have judgment and/or verdict entered in his favor over and against the answering defendants, the judgment and/or verdict shall be precluded, modified, offset and/or reduced by any and all sums or consideration paid or promised to the plaintiff by any person(s), corporation(s), or parties claimed to be liable for the injuries and/or damages alleged in the complaint to the extent of the greater of either the sum or consideration paid or promised to the plaintiff, to the amount of the released tortfeasor's equitable share(s) of the liability and the damages in accordance with Article 15 of the General Obligation Law §15-105 and §15-108.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

229.    Pursuant to General Municipal Law §15-108, and the ruling in <u>Williams v. Niske,</u> 81 N.Y.2d 437, 599 N.Y.S. 2d 519 (NY 1992), the answering defendants demand a set off corresponding to the amount of any settlement reached with any other tortfeasors involved in the operative facts of this lawsuit, whether or not they are currently named as defendants herein.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

230.     This action may be barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

231.    The Individual Defendants acted reasonably in light of the circumstances prevailing at the time and place set forth in plaintiff's Complaint and in light of the actions of plaintiff threat.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

232.    THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, and POLICE OFFICER SHECOVE SPEID Defendants acted pursuant to probable cause with respect to the detention of the plaintiff and any alleged conduct taken by THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, and POLICE OFFICER SHECOVE SPEID Defendants giving rise to the claims alleged in this matter.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

233.    The acts of the THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, and POLICE OFFICER SHECOVE SPEID, Defendants do not amount to "gross negligence" nor is there

any allegation to this effect to support of finding of gross negligence relative to Defendants' conduct giving rise to the claims asserted against them in this litigation.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

234.    Defendants THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, and POLICE OFFICER SHECOVE SPEID, cannot be held liable for a § 1983 claim as such claim does not arise against a municipality for its employees' constitutional violations under a respondeat superior theory. *See* Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

235.    THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, and POLICE OFFICER SHECOVE SPEID, Defendants possessed the requisite cause for any alleged seizure.

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

236.    THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, and POLICE OFFICER SHECOVE SPEID, are not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983.

## AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

237.    Defendants are New York Officials and are immune from suits arising under New York State law in regard to the performance of their discretionary duties.

LEGAL/173211748.1

## AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

238.    The Plaintiff's injuries, if any, were caused by an intervening act(s) unassociated with any acts of defendants.

## AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

239.    The Plaintiff's claims do not rise to the level of a constitutional violation as against THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, and POLICE OFFICER SHECOVE SPEID Defendants.

## AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

240.    Plaintiff's claims are barred, in whole or in part, by his failure to comply with the applicable sections of the General Municipal Law.

## AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

241.    The Plaintiff's damages, if any, were caused and/or contributed to by reason of the improper and unlawful acts of the Plaintiff.

## AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

242.    The Plaintiff's damages, if any, were created and caused, in whole or in part, by the Plaintiff's failure to take steps to mitigate such damages.

## AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

243.    The plaintiffs, if they may have sustained any injuries at the time and place, and upon the occasion mentioned in Plaintiff's Complaint, assumed the risk of sustaining same under the conditions and circumstances then existing and obvious.

LEGAL/173211748.1

## AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

244.    The defendants hereby assert and reserve unto themselves, the defense of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, capacity, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, payment, release, res judicata, capacity, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein or more of the causes of action set forth in plaintiffs' Verified Complaint is not viable based upon the claims of res judicata, collateral estoppel, release, laches and all other affirmative defenses provided for in CPLR §3018.

## AS AND FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE

245.    Defendants reserve their right to assert additional affirmative defenses after discovery has been

**WHEREFORE**, Defendants, THE VILLAGE OF PELHAM MANOR, THE PELHAM MANOR POLICE DEPARTMENT, POLICE OFFICER BRANDON LUSTIG, POLICE OFFICER JESUS OCEGUERA, POLICE OFFICER SHECOVE SPEID, and JOHN AND JANE DOE 1-10, demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper

Dated: Purchase, New York
          December 11, 2025

                              **MARSHALL DENNEHEY, PC**

                              Nadia E. Niazi, Esq. (NEN7199)
                              **Attorneys for Defendants**
                              287 Bowman Avenue, Suite 404
                              Purchase, New York 10577
                              (914) 977-7300
                              neniazi@mdwcg.com
                              Our File No: 20021.00395

TO:  **WILLIAM J. MANIATIS, LLC**
William J. Maniatis, Esq.
*Attorneys for Plaintiff*
**WILLIAM COLOMBO**
111 Broadway, Suite 701
New York, New York 10006
bill@nyctriallawyers.com

LEGAL/173211748.1

## <u>CERTIFICATION OF SERVICE</u>

I, Nadia Niazi, Esq., hereby certify that on **December 11, 2025,** I have filed a true and correct copy

of the foregoing **Answer**, with the Clerk of Court using the CM/ECF System, which will automatically

send email notification of such filing to the Plaintiff and Defendants.

**WILLIAM J. MANIATIS, LLC**
William J. Maniatis, Esq.
*Attorneys for Plaintiff*
**WILLIAM COLOMBO**
111 Broadway, Suite 701
New York, New York 10006
bill@nyctriallawyers.com

_____
Nadia E. Niazi, Esq.

LEGAL/173211748.1